Case 1:16-cv-00901-SS   Document 165   Filed 01/19/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NEUTRON DEPOT, LLC, *et al*, § § Plaintiffs, § VS. § BANKRATE, INC., *et al*, § § Defendants. § § § § § | CIVIL ACTION NO. 2:14-CV-192 |

## OPINION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT AND TO STRIKE

Plaintiffs Neutron Depot, LLC and DepotWeb, Inc. move for entry of default judgment against Defendant Verdant Industries, Ltd.[1] (Verdant) and for an order striking Verdant's answer (D.E. 143, 156), while Defendant Verdant moves to set aside the entry of default (D.E. 158). For the reasons discussed more fully below, Defendant Verdant's motion to set aside entry of default is granted, and Plaintiffs' motions are denied.

### JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121. Venue is proper because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

### BACKGROUND

Plaintiffs engage in the marketing, sale, and servicing of insurance related products and services. In 1993, Plaintiffs filed a federal trademark application with the

---

[1] The Clerk shall substitute Verdant Industries, Ltd., for Defendant DOE.

United States Patent and Trademark Office (USPTO) for "INSURANCE DEPOT" (the Mark). The Mark is owned by CSI Agency Services, Inc. (CSI) and has been in continuous use with the public as an identifier of a source of goods or services since 1993. CSI licensed use of the Mark to Plaintiffs together with the right of enforcement and the right to bring suit under the Mark. Plaintiffs have actively advertised, marketed, and continuously promoted the Mark both online and in written documentation in connection with their insurance business. The Mark is a valuable source identifier among the relevant class of customers for Plaintiffs' insurance products.

Plaintiffs filed this lawsuit seeking injunctive and monetary relief against all Defendants, asserting claims for federal trademark infringement, unfair competition, and trademark dilution; violations of the Anti-Cybersquatting Consumer Protection Act; Texas common law trademark infringement; and civil conspiracy (D.E. 1, 55, 123). DOE dba/InsuranceDepotTexas.com was named as a Defendant and on July 27, 2015, after DOE failed to timely file a responsive pleading, default was entered (D.E. 141). Before default was entered, on July 23, 2015, counsel for Plaintiffs sought to withdraw, requesting 90 days for new counsel to be hired and to enter an appearance (D.E. 138, 146). The motion was granted and on August 7, 2015, Plaintiffs were granted 90 days to hire new counsel (D.E. 147). After Plaintiffs' counsel moved to withdraw, but before the motion was granted, Plaintiffs moved for entry of default judgment against Defendant DOE dba/InsuranceDepotTexas.com (D.E. 143).

On September 15, 2015, while the case was essentially inactive and awaiting appearance of new counsel, Defendant Verdant filed its answer responding as the DOE

Defendant and admitting that the Court had personal jurisdiction over it (D.E. 148). After Plaintiffs' new counsel appeared, a motion to strike the answer was filed (D.E. 156), and Defendant Verdant filed a motion to set aside the entry of default (D.E. 158).

## APPLICABLE LAW

Rule 55(c) of the Federal Rules of Civil Procedure grants to courts discretion to set aside an entry of default if the party seeking relief shows good cause. FED. R. CIV. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citations omitted). Entry of default is generally disfavored and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Id.* (quoting *Mason & Hangar-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 155, 158 (5th Cir. 1984)). Factors typically considered by courts when determining good cause include (1) whether default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293. Trial on the merits is strongly favored over default judgments. *Id.* at 292.

Verdant argues that it was improperly served with process and that its failure to timely file an answer was not willful (D.E. 158), and Plaintiffs vigorously claim otherwise (D.E. 163). The Court finds it unnecessary to address these issues because Plaintiff has neither alleged nor proved any prejudice, and the case is essentially in its infancy as far as discovery is concerned. Defendant Verdant's answer was filed on September 15, 2015, during a period of time when Plaintiffs had no counsel and no

scheduling order was in place. The first scheduling order was not entered until December 14, 2015 (D.E. 160), and Verdant has not indicated that it will be unable to comply with the deadlines in that order. Setting aside the entry of default is fair, as well as consistent with circuit law.

Accordingly, Plaintiffs' motions for entry of default judgment and to strike Verdant's answer (D.E. 143, 156) are DENIED, and Defendant Verdant's motion to set aside entry of default (D.E. 158) is GRANTED. The Court declines to award attorney fees to either party on the facts of this case.

ORDERED this 19th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE