IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

NEUTRON DEPOT, LLC,
        Plaintiff,
-vs-

ALL WEB LEADS, INC. AND VERDANT
INDUSTRIES,
        Defendants.

CAUSE NO.:
AU-16-CA-00901-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendant All Web Leads (AWL)'s Motion for Partial Summary Judgment [#273], Neutron Depot's Response [#279] in opposition, and AWL's Reply [#281] in support. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and order.

### Background

This is a trademark infringement action. In 1993, CSi Agency Services, Inc. (CSi) began using the phrase "Insurance Depot" (the Mark) to advertise its insurance services, and in 1994, the U.S. Patent and Trademark Office (USTPO) issued CSi a certificate of registration for use of the term "Insurance Depot" as a service mark in promoting insurance agency services.[1] Resp. Mot. Sanctions [#231-1] Ex. A (Maxwell Decl.) at 2–4.

---

[1] In the interest of consistency, all docket citations refer to CM/ECF pagination.

1

The president and sole owner of CSi is Jim Maxwell. *Id.* Maxwell also happens to be manager and part owner of another company, Neutron Depot. *Id.* In August 2013, in his capacity as president of CSi, Maxwell licensed the Mark to Neutron Depot.[2] *Id.* at 5.

Defendant All Web Leads (AWL) is a company that bids on keywords.[3] Supp. Mot. Summ. J. [#276-1] Ex. B (Leirer Decl.) at 2–3. When a consumer uses a search engine to search for a particular term or phrase containing a keyword that AWL has successfully bid on, AWL's web page appears as one of the results. *Id.* AWL's web page is a "dynamic landing page," which means that if a customer searches for a particular keyword and then clicks on a search result linked to AWL's website, the searched-for keyword then appears on the AWL landing page. *Id.* Between 2010 and 2013, AWL successfully bid on thousands of keywords, including the Mark. *Id.* And because AWL uses a dynamic landing page, this meant the Mark would sometimes appear on AWL's website if a consumer searched for the Mark and then clicked AWL's link. *Id.*

In November 2013, Neutron Depot sent AWL a letter indicating Neutron Depot had licensed the right to use the Mark from CSi. *Id.* After it received this letter, AWL ceased using the Mark as a keyword and blocked the term from appearing on its landing pages. *Id.* Nevertheless, Neutron Depot filed this suit against AWL in May 2014. Compl. [#1].

In prior orders, this Court dismissed Neutron Depot's claims under §§ 32(1) and 43(c) of the Lanham Act as well as its counterfeiting and state dilution claims. Order of November 29, 2017 [#261]; Order of March 12, 2018 [#282]. As a result, Neutron Depot's only remaining claims against AWL are an unfair competition claim brought under § 43(a)(1)(A) of the Lanham

---

[2] Subsequently, during the pendency of this litigation, Maxwell executed an assignment of the Mark to Neutron Depot. Fifth Am. Compl. [#207-2] Ex. 2 (the Assignment Agreement).

[3] Neither AWL nor Neutron Depot explains how AWL actually makes money. *See* Mot. Summ. J. [#273] at 2 (stating AWL bids on keywords "[a]s part of its normal course of business" but failing to explain what that business is).

2

Act and, arguably,[4] a claim for unjust enrichment under Texas common law. *See* Fifth Am. Compl. [#207] at 10, 15–16. AWL now files a motion for partial summary judgment which is ripe for review. Mot. Summ. J. [# 273].

## Analysis

### I. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and

---

[4] The parties dispute whether unjust enrichment is an independent claim under Texas law.

3

unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

Neutron Depot does not seek to recover actual damages. Resp. Mot. Summ. J. [#279] at 7–8. It does, however, seek disgorgement of AWL's profits, punitive damages, and an injunction prohibiting AWL from infringing on the Mark in the future. *Id.* at 7–9; Fifth Am. Compl. [#207] at 17–20. Neutron Depot also argues it has brought an independent claim against AWL for unjust enrichment. *Id.* at 15–16; Resp. Mot. Summ. J. [#279] at 12. Meanwhile, AWL contends the unclean hands doctrine bars Neutron Depot from recovering an award of profits or an unjust enrichment award. Mot. Summ. J. [#273] at 6–7. In the alternative, AWL asks this Court enter a Rule 56(g) order establishing for trial that AWL's profits earned through the alleged infringement are no more than $9,347. *Id.* at 7–8. AWL also asks the Court find Neutron Depot's claim for unjust enrichment fails as a matter of law. *Id.* at 9–10.

4

The Court proceeds by first addressing whether the unclean hands doctrine bars Neutron Depot's ability to seek equitable relief, including an award of profits or unjust enrichment. It then considers whether there is any dispute regarding the amount of AWL's profits derived from the alleged infringement, such that the amount of profits can be established for trial under Rule 56(g). The Court also considers whether there is a dispute of material fact precluding summary judgment on Neutron Depot's unjust enrichment claim. Finally, the Court considers whether Neutron Depot is conceivably entitled to punitive damages.

A.  **Award of Profits**

The defense of unclean hands applies "when a party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." *Petro Franchise Sys. v. All Am. Props.*, 607 F. Supp. 2d 781, 799 (W.D. Tex. 2009) (internal quotation marks and citation omitted). The unclean hands defense is available only where the alleged misconduct is directly related to the merits of the controversy between the parties. *See Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979).

AWL argues Neutron Depot has unclean hands, because, during the course of this litigation, Neutron Depot (1) executed a mid-litigation assignment in an attempt to bolster its standing to sue; (2) provided false testimony about documentation of the Mark; and (3) forged, withheld, and attemped to destroy relevant documents. Mot. Summ. J. [#273] at 6–7. In turn, Neutron Depot argues AWL is "willfully misleading" the Court and "fabricating supposed findings." Resp. Mot. Dismiss at 9–10.

Though both parties have launched serious accusations, neither has addressed the allegations in sufficient depth to allow the Court to rule on AWL's unclean hands defense at this point in time. *See* Mot. Summ. J. [#273] at 6 (re-urging allegations of false testimony and forged

5

documents but failing to further elaborate);[5] Resp. Mot. Summ. J. [#279] at 9–10 (posing many rhetorical questions but neglecting to address allegations of false testimony and forgery). The Court therefore denies AWL's motion for summary judgment on its unclean hands defense without prejudice to re-urging at a future date. The Court also reserves the right to issue sanctions as appropriate.

### B.    Amount of Profits

Under Rule 56(g), if a Court does not grant all relief requested by a motion for summary judgment, it "may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." FED. R. CIV. P. 56(g). "Rule 56(g) allows the court to weigh the cost of treating potential fact disputes as established against the cost of resolving those disputes by other means, including trial." *United States v. Kellogg Brown & Root, Inc.*, No. 1:04-CV-42, 2015 WL 10937548, at *1 (E.D. Tex. June 10, 2015) (internal citation omitted). "Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established" if the Court "conclude[s] that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." FED. R. CIV. P. 56(g) Advisory Committee Notes.

AWL argues the Court should establish for trial that AWL's profits resulting from the alleged infringement amount to "no more than" $9,347. Mot. Summ. J. [#273] at 8–9; *id.* [#273-11] Ex. 7 at 7–8; *Seatrax, Inc. v. Sonbeck Int'l*, 200 F.3d 358, 369 (5th Cir. 2000) (observing a

---

[5] AWL also observes the Court previously dismissed several of Neutron Depot's claims with prejudice on the ground Neutron Depot engaged in "manipulative tactics" and acted litigiously by executing a mid-litigation assignment of the Mark in a last-ditch attempt to shore up Neutron Depot's standing. *See* Order of November 30, 2017 [#261] at 6–7 & n.4 (noting Neutron Depot had previously requested and received an extension of time to add CSi as a party but instead executed a futile mid-litigation assignment in an attempt to cure its standing deficiencies without adding CSi). However, on the evidence before the Court at this time, Neutron Depot's ill-advised mid-litigation assignment does not rise to the level of an "unconscionable act" sufficient to sustain a defense of unclean hands.

plaintiff who seeks an award of profits under § 1117 is entitled only to those profits attributable to the defendant's anticompetitive or infringing acts).

The Court declines to enter an order establishing the amount of AWL's profits because such an order would not substantially reduce the cost of resolving the matter at trial. AWL does not seek a conclusive determination of the amount of its profits. Rather, it seeks to limit its liability. Mot. Summ. J. [#273] at 7–9. Thus, even if the Court were to grant AWL's Rule 56(g) request, the parties would still have to present evidence at trial regarding the actual amount of AWL's profits, whether they be $9,347 or some other, lesser amount. Given the meager benefits of a Rule 56(g) determination in this context, the Court leaves open for trial the amount of profits earned by AWL through its alleged infringement.

### C. Unjust Enrichment

Under Texas common law, an award for unjust enrichment is based upon the equitable principle that a person has "wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.). A party may recover under a theory of unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage. *Streamline*, 851 F.3d at 462 (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

In a single sentence in its motion for summary judgment, AWL argues Neutron Depot is not entitled to an unjust enrichment award because it has not alleged AWL took undue advantage. Mot. Summ. J. [#273] at 9–10. To the contrary, however, Neutron Depot's complaint alleges AWL took undue advantage by profiting off of Neutron Depot's registered mark without authorization. Fifth Am. Compl. [#207] at 15–16. Moreover, Neutron Depot's claim for unjust

7

enrichment largely overlaps with its claim for unfair competition under § 1125, upon which AWL has not sought summary judgment.[6] *Texas Pig Stands, Inc. v. Hard Rock Café Int'l*, 951 F.2d 684, 694–97 (5th Cir. 1992) (characterizing plaintiff's request for an award of profits under § 1117 as a claim for unjust enrichment). In this context, the Court finds AWL has not met its burden of showing it is entitled to judgment as a matter of law on Neutron Depot's unjust enrichment claim and denies AWL's motion for summary judgment as to this claim.

### D. Punitive Damages

Finally, AWL contends Neutron Depot cannot recover punitive damages as a matter of law because Neutron Depot seeks only an award of profits, as opposed to actual damages. However, Texas courts "will not deny exemplary damages simply because an action is equitable, rather than legal," *Nabours v. Longview Savs. & Loan Ass'n*, 700 S.W.2d 901, 904–08 (Tex. 1985), and AWL has presented no authority suggesting an unjust enrichment award may not serve as the basis for an award of punitive damages.[7] Therefore, although the Court believes the facts in this case are unlikely to support an award of punitive damages at trial, the Court denies AWL's motion for summary judgment on the issue of punitive damages.

### Conclusion

The Court denies AWL's motion for partial summary judgment and therefore, Neutron Depot's unfair competition claim under § 1125 remains set for trial.

Accordingly,

---

[6] Though AWL contends this overlap should preclude Neutron Depot's ability to seek unjust enrichment in addition to an award of profits under § 1117, courts have historically allowed parties to bring both claims. *See, e.g., Streamline Prod. Sys. v. Streamline Mfg.*, 851 F.3d 440, 459, 461 (5th Cir. 2017).

[7] AWL does argue an award of profits under § 1117 cannot serve as the basis for an award of punitive damages. This argument misses the mark. To the extent Neutron Depot can recover punitive damages, it must do so under Texas law, because § 1117 does not authorize punitive damages. *See Taco Cabana Int'l v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991) (noting damages awarded under § 1117 "cannot be punitive").

8

IT IS ORDERED that AWL's Motion for Partial Summary Judgment [#273] is DENIED.

SIGNED this the 1st day of May 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE